1  Michael Edmund Burke
   Attorney at Law
2  CSB #98925
   105 West F Street, 4th Floor
3  San Diego, CA 92101
   Telephone:(619) 234-2503
4

5  Attorneys for Defendant, INEZ MARIE PARQUETTE

6

7

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10            (HONORABLE JANIS L. SAMMARTINO)

11

12  UNITED STATES OF AMERICA,          )   Case No.: 08-CR-1091-JLS
                                       )
13         Plaintiff,                  )   Date: 5/16/2008
                                       )   Time: 1:30 p.m.
13  v.                                 )
                                       )
14                                     )   MEMORANDUM OF POINTS
    INEZ MARIE PARQUETTE,              )   AND AUTHORITIES
15                                     )   IN SUPPORT
           Defendant.                  )   OF DEFENDANT'S MOTIONS
16                                     )
                                       )
17                                     )
                                       )
18  _____ )

19         Defendant, INEZ MARIE PARQUETTE, by and through counsel, Michael

20  Edmund Burke, hereby submits the following memorandum of points and authorities in

21  support of her motions.

22  //

23  //

24  //

25  //

26  //

27  //

28

MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE

Defense counsel has received some discovery in this case. However, because Ms. Parquette believes that there may be other discovery outstanding, he moves for the production by the government of the following discovery and for the preservation of evidence. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any government agency. See generally Kyles v. Whitley, 514 U.S. 419 (1995); United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

(1) The Defendant's Statements. The Government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any Miranda warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2) Arrest Reports, Notes and Dispatch Tapes. The defense also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and Brady v.

Maryland, 373 U.S. 83 (1963).  See also Loux v. United States, 389 F.2d 911 (9th Cir. 1968).  Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B), Fed. R. Crim. P. 26.2, and Fed. R. Crim. P. 12(h).  Preservation of rough notes is requested, whether or not the government deems them discoverable.

(3) Brady Material.  Defendant  requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case.  Under Brady, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

(4) Any Information That May Result in a Lower Sentence Under The Guidelines.  As discussed above, this information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963).  This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, to a determination of the defendant's criminal history, or to any other application of the Guidelines.

(5)  Any Information That May Result in a Lower Sentence Under 18 U.S.C. § 3553.  After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the Guidelines are merely advisory and federal sentencing is governed by 18 U.S.C. § 3553, which requires a judge to consider "any information about the nature of the circumstances of the offense." 18 U.S.C. § 3553(a)(1).  This broad range of judicial discretion, combined with the mandate that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted

of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence," 18 U.S.C. § 3661, means that any information whatsoever may be "material ... to punishment," Brady, 373 U.S. at 87, whether or not the government deems it discoverable.

(6) The Defendant's Prior Record.  Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(D).  Counsel specifically requests that the copy be complete and legible.

(7) Any Proposed 404(b) Evidence.  Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(E) and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

(8) Evidence Seized. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

(9) Request for Preservation of Evidence.  The defense specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved.  This request includes, but is not limited to, the results of any fingerprint analysis, alleged narcotics, the defendant's personal effects, the vehicle, and any other evidence seized from the defendant, or any third party.  It is requested that the government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

(10) Tangible Objects.  The defense requests, under Fed. R. Crim. P.

4

16(a)(1)(E) the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs of buildings or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.

(11)  Evidence of Bias or Motive to Lie.  The defense requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.  Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988).

(12)  Impeachment evidence.  Defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant.  See Fed. R. Evid. 608, 609 and 613.  Such evidence is discoverable under Brady v. Maryland.  See United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

(13)  Evidence of Criminal Investigation of Any Government Witness. The defense requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  United States v. Chitty, 760 F.2d 425 (2d Cir. 1985).

(14)  Evidence Affecting Perception, Recollection, Ability to Communicate. Defendant requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980).

(15) <u>Witness Addresses</u>.  The defense requests the name and last known address of each prospective government witness.  <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979), <u>overruled on other grounds by</u> <u>Luce v. United States</u>, 469 U.S. 38 (1984) (defense has equal right to talk to witnesses).  The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness.  <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984).

(16) <u>Name of Witnesses Favorable to the Defendant</u>. The defense requests the name of any witness who made any arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged.  <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir. 1980); <u>Jones v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir. 1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1979).

(17) <u>Statements Relevant to the Defense</u>.  The defense requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert.  <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982).  This would include Grand Jury transcripts which are relevant to the defense motion to dismiss the indictment.

(18) <u>Jencks Act Material</u>.  The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1).  <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963).

(19) Giglio Information.  Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, expressed or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

(20) Reports of Scientific Tests or Examinations.  Pursuant to Fed. R. Crim. P. 16(a)(1)(F), the defendant requests disclosure and the opportunity to inspect, copy, and photograph the results and reports of all tests, examinations, and experiments conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

(21) Henthorn Material.  The defendant  requests that the prosecutor review the personnel files of the officers involved in his arrest, and those who will testify, and produce to him any exculpatory information at least two weeks prior to trial and one week prior to the motion hearing. This includes all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of defendant.  See United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).  In addition, he requests that if the government is uncertain whether certain information is to be turned over pursuant to this request, that it produce such information to the Court in advance of the trial and the motion hearing for an in camera inspection.

(22) Informants and Cooperating Witnesses.  The defense requests disclosure of the names and addresses of any informants or cooperating witnesses used or to be used in this case.  The government must disclose the informant's identity and location,

as well as disclose the existence of any other percipient witness unknown or unknowable to the defense.  Roviaro v. United States, 353 U.S. 53, 61-62 (1957).  The defense also requests disclosure of any information indicating bias on the part of any informant or cooperating witness.  Giglio v. United States, 405 U.S. 150 (1972).  Such information would include what, if any, inducements, favors, payments, or threats were made to the witness to secure cooperation with the authorities.

(23)  Expert Witnesses.  Pursuant to Fed. R. Crim. P. 16(a)(1)(G), the defendant requests a written summary of the expert testimony that the government intends to use at trial, including a description of the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

(24)  Residual Request.  The defense intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Rule 16.  Defendant requests that the government provide him and his attorney with the above requested material sufficiently in advance of trial.

## JOINDER IN CODEFENDANT'S MOTIONS

INEZ MARIE PARQUETTE hereby joins in the motions filed by codefendant THOMAS PARQUETTE, by and through his attorney of record Linda Lopez of Federal Defenders of San Diego.

## LEAVE TO FILE FURTHER MOTIONS

INEZ MARIE PARQUETTE also seeks leave to file further motions, as discovery and investigation are continuing.

Respectfully submitted,

S/Michael Edmund Burke

Dated: 5-2-08

_____
Michael Edmund Burke,
Attorney for Defendant,
INEZ MARIE PARQUETTE