KAREN P. HEWITT
United States Attorney
PAUL S. COOK
Assistant U. S. Attorney
California Bar No. 79010
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5687
pcook@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No.  08CR1091-JLS |
| | ) | |
| Plaintiff, | ) | DATE: MAY 16, 2008 |
| | ) | TIME: 1:30 p.m. |
| v. | ) | |
| | ) | |
| INEZ MARIE PARQUETTE, (1) | ) | |
| THOMAS FRANK PARQUETTE(2), | ) | GOVERNMENT'S RESPONSE AND |
| | ) | OPPOSITION TO DEFENDANT'S |
| | ) | MOTIONS: |
| | ) | |
| Defendants. | ) | (1)  TO COMPEL DISCOVERY |
| | ) | (2)  FOR LEAVE TO FILE FURTHER |
| | ) |      MOTIONS |
| | ) | |
| | ) | TOGETHER WITH STATEMENT OF FACTS, |
| | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES AND GOVERNMENT'S |
| | ) | MOTIONS FOR RECIPROCAL DISCOVERY |
| _____ | ) | |

The United States of America, by its counsel, Karen P. Hewitt, United States Attorney, and Paul S. Cook, Assistant United States Attorney, hereby responds to and opposes Defendant's Motions: To Compel Discovery and For Leave To File Further Motions.  This response and opposition is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities.  The Government also hereby files its motion for reciprocal discovery.

**I**

**STATEMENT OF FACTS**

On Saturday, March 22, 2008 at 9:50 p.m., Defendant Inez Parquette drove a 1995 Chrysler Cirrus, registered to a Francisco Lopez, into the United States from Mexico at the Calexico, California, West Port of Entry. Her husband, Defendant, Thomas Parquette was a passenger in the car. At Primary, Inez told the CBP Officer that the car belonged to her husband's friend, Francisco Lopez, and they were returning to their home in Hesperia, California after spending the night in San Felipe, Mexico. The Officer observed that Inez became nervous during the primary inspection and referred the car to Vehicle Secondary for further inspection.

In Secondary, Inez told the Officer that she and her husband had been in Mexicali, Mexico for the day and had gone to some clubs. Thomas told the Officer that the car belonged to his friend who lived in Apple Valley, California, but whose name he could not remember. A narcotic detector dog alerted to the dashboard area and a in subsequent search, Officers found twelve packages, weighing 10.40 kilograms (22.88 pounds), of heroin in a non-factory compartment in the dashboard where the air bags are normally located.

In the early morning of March 23rd, both Defendant's were informed of their <u>Miranda</u> rights. Thomas requested an attorney and he was not questioned. Inez indicated she understood her rights, signed a written waiver, and agreed to speak to the agents without an attorney present. In a recorded interview she denied knowledge of the drugs. She told the Agents that she and her husband had borrowed the car in Hesperia and driven down to Mexicali on Friday, March 21, 2008.

They stayed in Mexico briefly and at her insistence returned to the United States on Friday March 21st. Persuaded by her husband to return to Mexico, they drove back to Mexicali the same day, and spent the night in a hotel. They checked out of the hotel around 4:00 p.m. on Saturday, March 22nd and headed back to the United States. She claimed that they never relinquished possession of the car, other than when parked at the hotel.

Agents verified that the Defendants had driven this same car into the United States at the Calexico West POE, on March 21, 2008, at approximately 9:20 p.m. At that time the car was referred to Secondary and inspected. No drugs were found in the car at that time (24 hours before the current arrest).

## II

### THE GOVERNMENT HAS AND WILL CONTINUE TO COMPLY WITH ITS DISCOVERY OBLIGATIONS

The United States is aware of its discovery obligations, and will continue to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. §3500) and Rule 16 of the Federal Rules of Criminal Procedure. and will continue to comply with all discovery rules. The United States has provided Defendants with 61 pages of discovery and CDs of both Defendants' interviews. The discovery contains the arrest reports, Defendants' criminal record, copies of items seized, and photographs of the vehicle and drugs. Regarding certain specific requests made by the Defendant, the United States responds as follows:

1. **Rule 404(b) Evidence**

Currently the Government is unaware of any 404(b) evidence that it intends to present. However, the Government will provide Defendants with notice of its intent to present evidence pursuant to Rule 404(b) three weeks before trial or as otherwise ordered by the Court.

2. **Evidence Seized and Preservation**

The Government will preserve all evidence seized from the Defendants, most of which has been provided in discovery. Defendants may make an appointment, at a mutually convenient time, to inspect any other evidence. If Defendants want the entire amount of the seized drug preserved for re-testing or re-weighing, the Government would not oppose a Court Order to this effect, <u>if</u> Defendants seriously contest either the weight or that the substance seized is heroin, otherwise there is no need to re-weigh or re-analyze.

3. **Tangible Objects**

The Government will provide copies of or an opportunity to inspect all documents and tangible things material to the defense, intended for use in the Government's case in chief, or seized from Defendant.

4. **List and Addresses of Witnesses**

The Government has provided Defendant with the investigative reports relating to this crime. These reports include the names of the law enforcement personnel, eye witnesses and other people interviewed as part of the follow-up investigation. The Government will provide Defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the Government's trial

memorandum is filed, although delivery of such list is not required. See <u>United States v. Dischner</u>, 960 F.2d 870 (9th Cir. 1992); <u>United States v. Culter</u>, 806 F.2d 933, 936 (9th Cir. 1986); <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987). Defendant, however, is not entitled to the production of addresses or phone numbers of possible Government witnesses. See <u>United States v. Hicks</u>, 103 F.3d 837, 841 (9th Cir. 1996)("A district court that orders the Government and the defendant to exchange witness lists and summaries of anticipated witness testimony in advance of trial has exceeded its authority under Rule 16 of the Federal Rules of Criminal Procedure and has committed error."); <u>United States v. Thompson</u>, 493 F.2d 305, 309 (9th Cir.1977).

Federal Rule of Criminal Procedure 16 does not require the government (or the defense) to disclose the names and addresses of witnesses pretrial. Indeed, the Advisory Committee Notes reflect that the Committee rejected a proposal that would have required the parties to exchange the names and addresses of their witnesses three days before trial:

> The House version of the bill provides that each party, the government and the defendant, may discover the names and addresses of the other party's witnesses 3 days before trial. The Senate version of the bill eliminates these provisions, thereby making the names and addresses of a party's witnesses nondiscoverable. The Senate version also makes a conforming change in Rule 16(d)(1). The Conference adopts the Senate version.
>
> <u>A majority of the Conferees believe it is not in the interest of the effective administration of criminal justice to require that the government or the defendant be forced to reveal the names and addresses of its witnesses before trial.</u> Discouragement of witnesses and improper contact directed at influencing their testimony, were deemed paramount concerns in the formulation of this policy.

United States v. Napue, 834 F.2d 1311, 1317-19 (7th Cir. 1987) (quoting Rule 16 advisory committee notes) (emphasis added).

The Government will not provide Defendants with names and addresses of witnesses it does not intend to call.

5. <u>Criminal Investigation of Any Government Witnesses</u>

The Government is unaware of any criminal involvement by any prospective government witness, or that any witness is under investigation. Defendant's reliance on United States v. Chitty, 760 F.2d 425 (2nd Cir. 1985), in support of these requests is misplaced. In Chitty, the Second Circuit held that such information was discoverable where the Government witness had been told he was under investigation and thus had a motive to testify favorably for the Government. Id. at 428.

Although the Government will provide conviction records, if any, which could be used to impeach a witness, the Government is under no obligation to turn over the criminal records of all witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976). When disclosure need only extend to witnesses the Government intends to call in its case-in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

The Government will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify. Defendant is not entitled, however, to any and all evidence that a prospective witness is under investigation by federal, state or local authorities for misconduct.

6.  <u>Bias, Motive to Lie and Impeachment Evidence Of Prospective Witnesses</u>

The Government is unaware that any information demonstrating that a witness is biased against Defendant or has a motive to lie. As noted above, the Government will comply with its obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. laboratory States</u>, 405 U.S. 150 (1972).

7.  Evidence Affecting Perception, Recollection, <u>Ability to Communicate,</u>

The Government is unaware of any witness with perception or recollection problems.

8.  <u>Reports of Scientific Tests or Examinations</u>

The United States will provide Defendant with any scientific tests or examinations, in accordance with Fed. R. Crim. P. 16(a)(1)(F), including the drug analysis when it is received from the DEA laboratory.

9.  <u>Henthorn Material</u>

The Government will review the requested personnel files of all <u>federal</u> law enforcement individuals who will be called as witnesses in this case for <u>Brady</u> material. The Government will request that counsel for the appropriate federal agency conduct such review. <u>See United States v. Jennings</u>, 960 F.2d 1488, 1492 (9th Cir. 1992).

Pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) and <u>United States v. Cadet</u>, 727 F.2d 1452 (9th Cir. 1984), the United States agrees to "disclose information favorable to the defense that meets the appropriate standard of materiality ..." <u>Cadet</u>, 727 F.2d at 1467, 1468. Further, if counsel for the United States is uncertain about the materiality of the information within its

possession in such personal files, the information will be submitted to the Court for <u>in camera</u> inspection and review.

10. <u>Informant Information</u>

The Government, at this time, is unaware of an informants in this case.

11. <u>Expert Witnesses</u>

The Government will notify Defendant of its expert witnesses, such as the DEA chemist and drug value expert, and will comply with Fed. R. Crim. P. 16(a)(1)(G).

### III

### LEAVE TO FILE FURTHER MOTIONS

The Government has no objection to this motion.

### IV

### THE GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY SHOULD BE GRANTED

The discovery provided to Defendants, at their request, includes documents and objects which are discoverable under Rule 16(a)(1)(E). Consequently, the Government is entitled to discover from the defendant any books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items that are in Defendant's possession, custody or control and which Defendant intends to use in the Defendant's case-in-chief. <u>See</u> Rule 16(b)(1)(A), Fed. R. Crim. P..

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except Defendants'. The new rule thus provides for the reciprocal production of Jencks statements. The time frame established by the rule requires the statement to be provided after

the witness has testified, as in the Jencks Act.  Therefore, the United States hereby requests that Defendants be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court.  This order should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes or reports.

## V

## CONCLUSION

For the above stated reasons, the Government respectfully requests that the Defendant's motions be denied, except where unopposed, and the Government's motion for reciprocal discovery be granted.

Date: May 9, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney


s/Paul S. Cook
PAUL S. COOK
Assistant United States Attorney

```
                    UNITED STATES DISTRICT COURT

                   SOUTHERN DISTRICT OF CALIFORNIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR1091-JLS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| INEZ MARIE PARQUETTE(1), | ) | |
| THOMAS FRANK PARQUETTE(2), | ) | |
| Defendants. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Paul S. Cook, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of Government's Response and Opposition to Defendant's Motions on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1.  MICHAEL E. BURKE

2.  LINDA LOPEZ

I declare under penalty of perjury that the foregoing is true and correct.

Executed on MAY 9, 2008.

                                                        s/Paul S. Cook

                                                        PAUL S. COOK